1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

## SOUTHERN DISTRICT OF CALIFORNIA

8

9

| MANUEL SILLAS, | CASE NO. 10cv38-WQH-WVG |
|---|---|

10

| Plaintiff, | ORDER |
|---|---|

vs.

11
THOMAS J. WHELAN (SAN DIEGO
FEDERAL JUDGE); THE UNITED
12
STATES ATTORNEY OFFICE; THE
SAN DIEGO FEDERAL BUREAU OF
13
INVESTIGATION; S.D.S.U. CAMPUS
POLICE; THE SAN DIEGO SHERIFF
14
DEPARTMENT; AND THE SAN
DIEGO COUNTY JAIL,
15

16
Defendants.

17
HAYES, Judge:

The matters before the Court are the Motion to Dismiss filed by Defendants "the United
18
States Attorney Office" and "the San Diego Federal Bureau of Investigation" (collectively,
19
"moving Defendants") (Doc. # 7), and the Order to Show Cause issued by this Court on March
20
9, 2010 (Doc. # 8).

21

**I.      Background**
22

On December 14, 2009, Plaintiff initiated this action by filing a Complaint in San Diego
23
Superior Court, where it was assigned Case Number 37-2009-00091923-CU-CR-CTL.  (Doc.
24
# 1, Ex. A).

25
On January 6, 2010, the moving Defendants removed the action to this Court.  (Doc.
26
# 1).  The moving Defendants alleged that removal was appropriate pursuant to 28 U.S.C. §
27
1442(a)(1) because the moving Defendants are federal agencies.

28
On March 4, 2010, the moving Defendants filed the pending Motion to Dismiss.  (Doc.

# 7).  In the Motion to Dismiss, the moving Defendants "move and request the Court to order that they be dismissed from this suit for the following reasons: (1) Plaintiff's failure to satisfy minimum federal pleading requirements, (2) lack of subject matter jurisdiction, due to Plaintiff's failure to follow the mandatory administrative claims procedure of the Federal Tort Claims Act (28 U.S.C. § 2675(a)), and (3) the non-existence of a constitutional tort remedy for Plaintiff against a federal agency (*FDIC v. Meyer*, 510 U.S. 471 (1994))."  (Doc. # 7 at 2).  The noticed hearing date of the Motion to Dismiss was April 12, 2010.  The Motion to Dismiss contains a Certificate of Service indicating that Plaintiff was served with a copy of the Motion to Dismiss and all attachments.

On March 8, 2010, the Court issued an Order to Show Cause, which stated:

> IT IS HEREBY ORDERED that Plaintiff is **ORDERED TO SHOW CAUSE** why Defendant Thomas J. Whelan should not be dismissed from this action due to the doctrine of judicial immunity.  *See Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Meek v. County of Riverside*, 183 F.3d 962, 965-68 (9th Cir. 1999).  Defendant Thomas J. Whelan will be dismissed with prejudice from this case unless, within **twenty (20) days** from the date of this Order, Plaintiff files a written brief or amended pleading indicating why Defendant Thomas J. Whelan should not be dismissed on the grounds of judicial immunity.

(Doc. # 8 at 1).  On March 16, 2010, the Court issued an Order extending the time for Plaintiff to respond to the Order to Show Cause until April 19, 2010.  (Doc. # 9).

On April 2, 2010, the moving Defendants filed a "Notice of Non-Receipt of Any Opposition Briefing" related to their pending Motion to Dismiss.  (Doc. # 10 at 1).

The docket reflects that Plaintiff has not filed a response to the Motion to Dismiss or the Order to Show Cause.

## II.    Discussion

### A.    Motion to Dismiss

A district court may properly grant an unopposed motion to dismiss pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for failure to respond.  *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).  Civil Local Rule 7.1 provides: "If an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court."  S.D. Cal. Civ. Local Rule 7.1(f)(3)(a).  "Although there is ... a [public] policy

favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." *In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994) (affirming grant of motion to dismiss for failure to prosecute); *see, e.g., Steel v. City of San Diego*, No. 09cv1743, 2009 WL 3715257, at *1 (S.D. Cal., Nov. 5, 2009) (dismissing action pursuant to Local Rule 7.1 for plaintiff's failure to respond to a motion to dismiss).

The docket reflects that Plaintiff was served with the Motion to Dismiss. The Motion to Dismiss and the Court's docket reflect that the hearing on the Motion to Dismiss was noticed for April 12, 2010. Civil Local Rule 7.1 provides: "each party opposing a motion ... must file that opposition ... with the clerk ... not later than fourteen (14) calendar days prior to the noticed hearing." S.D. Cal. Civ. Local Rule 7.1(e)(2). As of the date of this Order, Plaintiff has failed to file an opposition. The Court concludes that "the public's interest in expeditious resolution of litigation," "the court's need to manage its docket," and "the risk of prejudice to the defendants" weigh in favor of granting the Motion to Dismiss for failure to file an opposition. *Ghazali*, 46 F.3d at 53.

The Motion to Dismiss is granted and the moving Defendants are dismissed from this action.

**B.    Order to Show Cause**

The docket reflects that Plaintiff was served with the Court's March 8, 2010 Order to Show Cause and the March 16, 2010 Order requiring Plaintiff to respond to the Order to Show Cause by April 19, 2010. As of the date of this Order, Plaintiff has failed to file a response.

Defendant Thomas J. Whelan is dismissed from this action with prejudice based upon the doctrine of judicial immunity. *See Meek*, 183 F.3d at 965-68.

**C.    Subject-Matter Jurisdiction**

All federal Defendants have been dismissed from this action. No other basis of federal subject-matter jurisdiction has been alleged. Accordingly, this action is remanded to state court for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c). *See Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257-58 (9th Cir. 1997).

1  **III.    Conclusion**

2          IT IS HEREBY ORDERED that the Motion to Dismiss is **GRANTED** (Doc. # 7), and

3  Defendants "the United States Attorney Office" and "the San Diego Federal Bureau of

4  Investigation" are **DISMISSED** from this action.

5          IT IS FURTHER ORDERED that Defendant Thomas J. Whelan is **DISMISSED** with

6  prejudice from this action.

7          This action is **REMANDED** for lack of subject matter jurisdiction to San Diego County

8  Superior Court, where it was originally filed and assigned case number 37-2009-00091923-

9  CU-CR-CTL.

10 DATED:  April 28, 2010

11                                          _William Q. Hayes_
                                            **WILLIAM Q. HAYES**
12                                          United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28